UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES TRIPLETT,

        Plaintiff,                    Case No. 2:04-cv-982
                                           JUDGE GREGORY L. FROST
       v.                            Magistrate Judge Norah McCann King

MARK EVERSON, et al.,

        Defendant.

**OPINION AND ORDER**

This tax refund case is before the Court for consideration of a motion to dismiss or, in the alternative, for summary judgment (Doc. # 7), a memorandum in opposition (Doc. # 9), and a reply memorandum (Doc. # 10). Also before the Court is a Motion to Proffer Evidence prior to Non[-]Oral Hearing Rule of Evidence 103. (Doc. # 11.) For the reasons that follow, this Court finds the motion to dismiss well taken and denies the motion to proffer evidence.

**I. Background**

After Plaintiff, James Triplett, filed his 1993 federal income tax return, the Internal Revenue Service ("IRS") audited his return. This audit resulted in the IRS issuing a notice of deficiency. Plaintiff unsuccessfully appealed the IRS's actions, and in May 2002, the IRS assessed Plaintiff for his tax deficiencies, in addition to penalties and interest. The IRS proceeded to recover the sought-after amounts from Plaintiff's bank account.

On October 12, 2004, Plaintiff filed the instant action for a refund of interest that he

1

alleges Defendant, the United States of America,[1] improperly collected from him.[2] He amended his initial pleading on December 30, 2004 and ultimately seeks $10,000 in interest paid, the costs of this case, and interest on his money that he alleges Defendant improperly held. Defendant has filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. # 7.) That motion is now ripe for disposition.

## II. Discussion

### A. Standard of Review

Defendant moves to dismiss under Federal Civil Rule 12(b)(1), which provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936)); *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))

---

[1] Plaintiff has captioned his Amended Complaint as against Commissioner Mark Everson and the Attorney General. (Doc. # 4.) In a tax refund case, a plaintiff proceeds against the United States. The caption of Defendant's filings reflect this fact.

[2] To support his case, Plaintiff has filed a Motion to Proffer Evidence prior to Non[-]Oral Hearing Rule of Evidence 103. (Doc. # 11.) Although the procedural posture of this motion is unclear–it essentially offers evidence that could have been attached to the memorandum in opposition–this Court nonetheless **GRANTS** Plaintiff's motion. The offered Notice of Deficiency speaks to the ultimate merits of the case, however, and offers little in regard to the analysis that proves dispositive of the motion to dismiss under consideration. (Doc. # 11, Ex. A, Notice of Deficiency.)

("Plaintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion"). In considering a motion to dismiss for lack of subject matter jurisdiction,

> the court may consider evidence outside the pleadings to resolve the factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). This Court may resolve any factual disputes when adjudicating a defendant's jurisdictional challenge. *See Moir*, 895 F.2d at 269.

Although *pro se* complaints, such as the Amended Complaint at issue here, are subject to a less stringent standard than those prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), these complaints must still satisfy the basic, minimal pleading requirements, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (citations omitted). A complaint should contain the minimum requirements of a "short and plain statement" of the grounds for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1); *see also Wells*, 891 F.2d at 594.

### B. Analysis

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court presumes that a case lies outside of this limited jurisdiction, and the burden is on Plaintiff to establish that jurisdiction does exist. *Id.* In light of

3

this framework, Defendant moves for dismissal of the Amended Complaint on the grounds that because Plaintiff has failed to satisfy the jurisdictional prerequisites for asserting a refund action, this Court lacks jurisdiction over his case.  In support of this rationale, the government directs this Court to 28 U.S.C. § 1346, which provides in relevant part:

> The district courts shall have original jurisdiction ... of ... [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. 1346(a)(1).  Defendant correctly asserts that 26 U.S.C. § 7422 serves as a qualification on the general conference of jurisdiction found in § 1346.  Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*Id*.  Defendant initially asserts that Plaintiff failed to file such a claim for a refund within the applicable period set forth in § 6511(a)–the later of two years from the payment of the tax or three years from the filing of the return.

Plaintiff of course disagrees with Defendant's analysis.  He argues that he indeed filed a refund claim and attaches a copy of said document to his memorandum in opposition.  (Doc. # 9, Ex. A, May 30, 2002 Letter.)  Defendant in turn argues in its reply memorandum that Plaintiff filed this letter *before* payment of the interest he seeks to recover and that such sequencing operates to divest this Court of jurisdiction.  To support this argument, Defendant points this

4

Court to the Certificate of Official Record for tax period December 31, 1993 (Doc. 3 7, Ex. A), which indicates that payment occurred after Triplett sent his letter. Because this is a factual issue related to the jurisdictional inquiry, the Court can consider this material without converting the motion to dismiss into a motion for summary judgment.

The Court is thus presented with two primary issues: must a taxpayer have filed an administrative claim prior to filing in a district court and, if so, does the filing of an informal letter contesting assessed interest prior to actual payment of the interest constitute a duly filed administrative claim? In regard to the former question, it is well settled that a taxpayer's failure to file a timely administrative claim for a refund precludes a district court from exercising jurisdiction in a refund action. *C.I.R. v. Lundy*, 516 U.S. 235, 240 (1996) ("timely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit [in a district court]"). *See also United States v. Dalm*, 494 U.S. 596, 602, 609-10 (1990); *Thomas v. United States*, 166 F.3d 825, 828-29 (6th Cir. 1999); *Lee v. United States*, No. 03-1301-T-AN, 2004 WL 1192131, at *2 (W.D. Tenn. Apr. 9, 2004). Less clear is whether Plaintiff's pre-payment May 30, 2002 letter constitutes a duly filed administrative claim.

The parties have not directed this Court to any Sixth Circuit case that addresses this specific issue. The Court's independent research has failed to uncover any such precedent directly on point.[3] Defendant does, however, rely on persuasive authority from two other district courts that can inform today's analysis. One such case is *Malkin v. United States*, 3 F. Supp. 2d

---

[3] In *Guthrie v. United States*, No. 1:03-CV-46, 2004 WL 1157409 (E.D. Tenn. Mar. 31, 2004), another district court within the Sixth Circuit addressed a taxpayer action in which the plaintiff sought to recover a 2001 payment via an administrative claim he filed in 2000. That court concluded that the 2000 "claim did not seek to recover the August 2001 payment–it could not have sought such a recovery because the amounts had not yet been paid." *Id*. at *3.

493 (D. New Jersey 1998), in which another district court addressed whether a taxpayer's filing of an administrative refund and abatement claim prior to payment of her liabilities satisfied the jurisdictional prerequisite necessary to maintain her district court refund action. That court reasoned that it lacked jurisdiction because "plaintiff ... failed to meet the first jurisdictional requirement of paying one's taxes prior to filing an administrative hearing" and plaintiff "paid her liabilities for [two specific] years after she filed her claims for a refund." *Id*. at 498. The *Malkin* court concluded that it could not "exercise jurisdiction because her administrative claims were not 'duly filed' " as required by § 7422(a). *Id*.

Similarly, in *Urwyler v. United States*, No. CIV.F-93-5181-GEB-DLB, 1996 WL 87001 (E.D. Cal. Jan. 3, 1996), the United States District Court for the Eastern District of California explained:

> A refund claim made prior to the payment of taxes, as required by § 6511(a), is not "duly filed" for purposes of § 7422. Therefore, the IRS' denial of such a claim does not confer subject matter jurisdiction over a civil action for refund of taxes. The court is deprived of jurisdiction since the administrative claim on which the suit is based is legally defective because it was not "duly filed."

*Id*. at *1. *See also* 26 C.F.R. § 601.103(c)(3) ("*after payment* of the tax a taxpayer may, within the applicable period of limitations, contest the assessment by filing with the district director a claim for refund of all or any part of the amount paid"; emphasis added); *Lefrak v. United States*, No. 94 CIV. 7668 (CSH), 1996 WL 420308, at *5 (S.D. N.Y. Jul. 26, 1996). Together, *Malkin* and *Urwyler* lend some support to Defendant's argument, as does, to a more limited degree, *Guthrie*. This Court agrees with Defendant's analysis that Plaintiff had to have paid the monies he seeks to recover prior to filing his administrative claim.

6

Moreover, assuming *arguendo* that Plaintiff could file an informal notice of an administrative claim when he did, his letter still fails to confer jurisdiction on this Court. Even considering Plaintiff's May 30, 2002 letter charitably as informal notice of an administrative claim–despite its lack of a declaration that it is made under the penalties of perjury–the Court has before it no evidence that he perfected this premature notice by subsequent amendment. It does not appear that Plaintiff filed a formal claim for a refund or an amended return. Accordingly, Plaintiff has failed to demonstrate that he satisfied the statutorily required jurisdictional prerequisite to bringing his refund action. Because this Court is barred from exercising jurisdiction, the United States is entitled to dismissal of the Amended Complaint. Having reached this conclusion, the Court need not and does not address Defendant's remaining arguments concerning the validity of Plaintiff's action.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. (Doc. # 7.) The Clerk is instructed to enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division. Costs taxed to Plaintiff.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE